**FILED**

JUL 06 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE GETTLEMAN

MAGISTRATE JUDGE MASON

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ZOSIMA VICTUELLES a/k/a "Suzie," )<br>MYLENE MASICLAT, )<br>MARIBEL CABRERA, a/k/a "Mabel," )<br>YASEEN ODEH, and )<br>MOHAMMAD RAZA KHAN ) | **UNDER SEAL**<br><br>No. **17 CR   452**<br><br>Violations: Title 18, United States Code, Section 371; Title 42, United States Code, Sections 1320a-7b(b)(2)(A) and 1320a-7b(b)(1)(A) |

## COUNT ONE

The SPECIAL JULY 2016 GRAND JURY charges:

1.      At times material to this indictment:

a.      Medicare was a federal health care program, as defined at Title 42, United States Code, Section 1320a-7b(f), which provided free or below-cost health care benefits to certain eligible individuals ("Medicare beneficiaries"), primarily individuals over the age of 65.

b.      The federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b), prohibited the offer and payment as well as the solicitation and receipt of remunerations in return for the referral of patients for the furnishing or arranging for the furnishing of any item or service for

which payment may be made in whole or in part under a federal health care program, including Medicare. Under the anti-kickback statute, home health care companies and their owners were prohibited from paying physicians and others in exchange for past or future referrals of Medicare beneficiaries.

c. Sure Care Home Health Corp. ("Sure Care"), a corporation located at 1155 North Main Street in Glendale Heights, Illinois, and at 129 South Phelps Avenue, Suite 504 in Rockford, Illinois, was in the business of providing home health care services to Medicare beneficiaries. Sure Care was an enrolled provider of Medicare services to Medicare beneficiaries. As an enrolled provider, Sure Care submitted claims to Medicare and received reimbursement for such services.

d. Medicare typically approved the provision of home health care to its beneficiaries who were confined to their homes in 60-day periods. The 60-day periods were referred to as cycles or episodes. A physician was required to approve a beneficiary's plan of care, and to certify that the beneficiary was confined to his or her home . Subsequent cycles were referred to as "recertifications" because a beneficiary was required to be recertified by a physician to receive additional 60-day cycles of home health care.

e. Defendant ZOSIMA VICTUELLES was an owner and the Administrator of Sure Care and a nurse licensed in the State of Illinois.

2

f. Defendant MYLENE MASICLAT was an owner of Sure Care.

g. Defendant MARIBEL CABRERA was an owner of Sure Care and a nurse licensed in the State of Illinois.

h. Defendant YASEEN ODEH was a medical doctor licensed in the State of Illinois.

i. Defendant MOHAMMAD RAZA KHAN was a medical doctor licensed in the State of Illinois.

j. Physician A and Physician B were both medical doctors licensed in the State of Illinois.

2. Beginning in or about 2010 and continuing through on or about February 2014, at Glendale Heights and Rockford, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ZOSIMA VICTUELLES a/k/a "Suzie,"
> MYLENE MASICLAT,
> MARIBEL CABRERA a/k/a "Mabel,"
> YASEEN ODEH, and
> MOHAMMAD RAZA KHAN,

defendants herein, with others, did conspire:

a. to knowingly and willfully offer and pay remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly,

from defendants VICTUELLES, MASICLAT, and CABRERA to defendants ODEH and KHAN, and others, to induce the referral of Medicare beneficiaries to Sure Care for the furnishing of home health care services for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A); and

b.     to knowingly and willfully solicit and receive remunerations, including kickbacks and bribes, directly and indirectly, overtly and covertly, from defendants VICTUELLES, MASICLAT and CABRERA to defendants ODEH and KHAN, and others, in return for the referral of Medicare beneficiaries to Sure Care for the furnishing of home health care services for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

### **Manner and Means in Which the Conspiracy Was Conducted**

3.     It was part of the conspiracy that defendants VICTUELLES, MASICLAT, and CABRERA and others, agreed to make, and caused others to make, kickback and bribe payments to defendants ODEH and KHAN, and others, in return for their referral of Medicare beneficiaries to Sure Care for the provision of home health care services.

4

4. It was further part of the conspiracy that from in or about March 2010 through in or about March 2013, defendant CABRERA, and others, paid defendant ODEH at least approximately $59,890 in cash kickbacks and bribes in exchange for the referral of Medicare beneficiaries to Sure Care.

5. It was further part of the conspiracy that from in or about July 2012 through in or about July 2013, defendant VICTUELLES, and others, paid defendant KHAN at least approximately $8,200 in cash kickbacks and bribes in exchange for the referral of Medicare beneficiaries to Sure Care.

6. It was further part of the conspiracy that from in or about May 2012 through in or about November 2013, defendants VICTUELLES and CABRERA, and others, paid Physician A at least approximately $6,500 in cash kickbacks and bribes in exchange for the referral of Medicare beneficiaries to Sure Care.

7. It was further part of the conspiracy that defendants VICTUELLES, MASICLAT, and CABRERA, in order to conceal their involvement in the kickback and bribe scheme, directed that checks be generated to Sure Care employees in net amounts that corresponded to kickback and bribe amounts owed to doctors, and others, for patient referrals, and directed the employees receiving the checks to cash the checks and provide

5

the cash to defendants VICTUELLES, MASICLAT, or CABRERA, which cash was then used for kickback and bribe payments to doctors and others. In other instances, defendants VICTUELLES, MASICLAT, or CABRERA directed the employees receiving the checks to endorse the checks and provide the checks to VICTUELLES, MASICLAT, or CABRERA, who in turn cashed the checks and used the cash for kickback and bribe payments to doctors.

8.     It was further part of the conspiracy that defendants ODEH and KHAN, and others, referred Medicare beneficiaries to Sure Care in exchange for the cash payments from defendants VICTUELLES, MASICLAT and CABRERA.

9.     It was further part of the conspiracy that defendants VICTUELLES, MASICLAT, and CABRERA, acting on behalf of Sure Care, submitted, and caused to be submitted, to Medicare claims for reimbursement for providing services to Medicare beneficiaries referred to Sure Care by defendants ODEH and KHAN, and others, in exchange for kickbacks and bribes.

10.     It was further part of the conspiracy that from in or about 2010 to in or about February 2014, defendants VICTUELLES, MASICLAT, and CABRERA and others paid, and caused to be paid, at least approximately

6

$463,698 in kickbacks and bribes to doctors, including defendants ODEH, KHAN, and to nurses, marketers, and others in exchange for the referral of Medicare beneficiaries to Sure Care.

11.    It was further part of the conspiracy that defendants VICTUELLES, MASICLAT, and CABRERA, along with defendants ODEH and KHAN, and others, misrepresented, concealed, hid and caused to be misrepresented, concealed and hidden, the purpose of the conspiracy and acts done in furtherance of the conspiracy.

## OVERT ACTS

12.    In furtherance of and to affect the objects of this conspiracy, the defendants committed the following overt acts, among others, in the Northern District of Illinois:

The kickback and bribe transactions charged in Counts Two through Twenty-Nine of this Indictment, each of which constitutes an overt act in furtherance of the conspiracy;

In violation of Title 18, United States Code, Section 371.

### **COUNT TWO**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about July 10, 2012, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARIBEL CABRERA,

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $300 to Individual A to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

8

## **COUNT THREE**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about July 24, 2012, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $500 to Physician A to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about July 24, 2012, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $500 to defendant Mohammad Raza Khan to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

10

## COUNT FIVE

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about July 24, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $500 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## **COUNT SIX**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about August 28, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $2,000 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

12

## **COUNT SEVEN**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about September 6, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $500 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## **COUNT EIGHT**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about September 13, 2012, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $1,000 to Physician A to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

14

## COUNT NINE

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about September 28, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $700 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

15

## COUNT TEN

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about October 26, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $1,500 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

16

## **COUNT ELEVEN**

On or about November 23, 2012, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYLENE MASICLAT and
MARIBEL CABRERA,

defendants herein, knowingly and willfully offered and paid remuneration in the amount of approximately $1,500 to Individual B to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## **COUNT TWELVE**

On or about November 23, 2012, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYLENE MASICLAT and
MARIBEL CABRERA,

defendants herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $450 to Individual C to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## **COUNT THIRTEEN**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about January 4, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $1,000 to Physician A to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about January 4, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $500 to defendant Mohammad Raza Khan to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## **COUNT FIFTEEN**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about January 4, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $500 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

21

## COUNT SIXTEEN

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about February 19, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $500 to defendant Mohammad Raza Khan to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## **COUNT SEVENTEEN**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about February 19, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $500 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## **COUNT EIGHTEEN**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about February 20, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYLENE MASICLAT,

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $2,450 to an unknown individual to induce the referral of patients to Sure Care for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## COUNT NINTEEN

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about February 28, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,

defendant herein, knowingly and willfully offered and paid remuneration in the amount of approximately $2,500 to Physician B to induce the referral of patients to Sure Care for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## **COUNT TWENTY**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about March 12, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES,
MYLENE MASICLAT, and
MARIBEL CABRERA,

defendants herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $2,000 to defendant Yaseen Odeh to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## **COUNT TWENTY-ONE**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about March 12, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

### YASEEN ODEH,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $2,000 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

27

## COUNT TWENTY-TWO

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about April 23, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD RAZA KHAN,

defendant herein, knowingly and willfully solicited and received remuneration in the amount of approximately $500 in exchange for referring patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWENTY-THREE

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about May 2, 2013, at Bridgeview, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully offered and paid remuneration in the amount of approximately $1,200 to Physician B to induce the referral of patients to Sure Care for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

### **COUNT TWENTY-FOUR**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about May 31, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYLENE MASICLAT,

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $3,200 to Individual D to induce the referral of patients to Sure Care for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

30

## **COUNT TWENTY-FIVE**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about June 17, 2013, at Bridgeview, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,

defendant herein, knowingly and willfully offered and paid approximately $1,500 to Physician B to induce the referral of patients to Sure Care for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A)

## **COUNT TWENTY-SIX**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about September 26, 2013, at Bridgeview, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZOSIMA VICTUELLES a/k/a "Suzie,"

defendant herein, knowingly and willfully offered and paid approximately $1,200 to Physician B to induce the referral of patients to Sure Care for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## **COUNT TWENTY-SEVEN**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about September 27, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYLENE MASICLAT,

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $3,600 to Individual D to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

### COUNT TWENTY-EIGHT

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about October 2, 2013, at Glendale Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

MYLENE MASICLAT,

defendant herein, knowingly and willfully caused Sure Care to offer and pay remuneration in the amount of approximately $2,700 to Individual D to induce the referral of patients to Sure Care Home Health Corp. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

The SPECIAL JULY 2016 GRAND JURY further alleges:

1.    The allegations in Counts One through Twenty-Eight of the Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.    As a result of their violations of Title 42, United States Code, Sections 1320a-7b(b)(2)(A) and 1320a-7b(b)(1)(A), as alleged in the foregoing indictment,

> ZOSIMA VICTUELLES a/k/a "Suzie,"
> MYLENE MASICLAT,
> MARIBEL CABRERA, a/k/a "Mabel,"
> YASEEN ODEH, and
> MOHAMMAD RAZA KHAN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 982(a)(7), any and all right, title and interest in property, real and personal, which constitutes and is derived directly and indirectly from gross proceeds traceable to the charged offenses.

3.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(7) include, but are not limited to:

35

a.  For defendants VICTUELLES, MASICLAT and CABRERA, (1) the total amount of Medicare reimbursements made on claims submitted on behalf of patients for whose referral defendants VICTUELLES, MASICLAT and/or CABRERA paid kickbacks, and (2) the total amount of kickbacks paid; and

b.  For defendants ODEH and KHAN, (1) the total amount of Medicare reimbursements made on claims submitted on behalf of patients for whom defendants ODEH and KHAN received kickbacks, and (2) the total amount of kickbacks received by defendants ODEH and KHAN.

4.  If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred to, sold to, or deposited with a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value;

e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY